IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHASE M.A. BORUCH,

        Petitioner,

                                  ORDER

    v.

                                15-cv-382-wmc

BRIAN FOSTER, Warden,
Waupun Correctional Institution,

        Respondent.

---

On June 22, 2015, Petitioner Chase Boruch filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in Lincoln County Circuit Court, Case No. 2010CF000269. Boruch filed a Motion for Stay along with the petition. (Dkt. #3). On February 19, 2016, petitioner filed a supplement to his petition. The court must conduct a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. For the reasons set forth briefly below, the motion to stay will be denied and this matter will be dismissed unless Boruch submits an amended petition in accordance with this order.

Boruch was found guilty of first-degree intentional homicide on November 16, 2011. Boruch appealed on the grounds that the trial court erred when it provided the State's autopsy and toxicology reports to the jury without also providing the report of a defense pathologist. The Wisconsin Court of Appeals rejected that argument and affirmed his conviction, *State v. Boruch*, 352 Wis. 2d 755 (Jan. 22, 2014), and the Wisconsin Supreme Court denied his petition for review, *State v. Boruch*, 354 Wis. 2d 864 (May 22, 2014). Boruch did not file a petition for certiorari in the United States Supreme Court. On September 29, 2015, Boruch filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06, which is currently being briefed.

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have the first opportunity to review this claim and provide any necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To satisfy the requirement found in § 2254(b), "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id.* at 839-40.

Inherent in the habeas petitioner's obligation to exhaust his state court remedies is the duty to fairly present his federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Boyko v. Parke*, 259 F.3d 871, 788 (7th Cir. 2001) (citing *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999); *see also Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To satisfy this requirement, the petitioner must have placed both the operative facts and the controlling legal principles before the state courts. *See Boyko*, 259 F.3d at 788 (citing *Rodriguez*, 193 F.3d at 916).

The general rule is that all claims must be exhausted before a federal court may consider a petition brought under § 2254. However, a federal court may retain jurisdiction and stay a mixed petition -- a petition containing both exhausted and unexhausted claims -- where outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). To obtain a stay under *Rhines,* a petitioner must show good cause for his failure to exhaust. *Id*. If the

petitioner shows good cause, then the court must find that the unexhausted claims are potentially meritorious and that petitioner has not engaged in "abusive litigation tactics or intentional delay." *Id*. at 277, 278; *see also Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006).

It is apparent from Boruch's petition that he is still pursuing at least one claim because he has filed a § 974.06 motion. It could be the case, therefore, that his petition contains both exhausted and unexhausted claims. But we don't know, because Boruch has not listed the grounds for relief that he is asserting to the state court in his § 974.06 motion, and he has not explained the grounds for relief that he is asserting to this court. When Boruch filed his original petition, he did not use the form or follow the instructions provided by the Western District of Wisconsin, he did not provide any details about his claim for relief, and he did not attach copies of any of the state court proceedings. Boruch's only statement related to his conviction asserts that this conviction violated "clearly established federal law regarding exceptions to the hearsay rule." (Dkt. 1, at 2). This statement, parroting the language of § 2254, is vague and conclusory. It provides no basis for this court to review any of the state court decisions.

Boruch's recently-filed supplement provides slightly more information about the grounds for relief he would like to obtain in federal court, but this supplement does not justify a stay and it does not clarify whether Boruch has exhausted his claims in state court. In the supplement, Boruch states that he would like to challenge: (1) the Wisconsin criminal jury instruction's definition of reasonable doubt; (2) a Wisconsin hearsay rule exception and (3) the process by which "red neurons" are formed in the brain. Yet Boruch provides absolutely no context that would explain the relevance of these issues to his criminal trial or appeal. Also, Boruch does not

indicate whether he is pursuing any of these claims in his § 974.06 motion. This court cannot answer these two fundamental questions: (1) Exactly what claims is Boruch pursuing in this court? And, (2) What claims is B0ruch pursuing in state court? Without this information, this court cannot evaluate whether any of Boruch's claims have been exhausted. Boruch must submit an amended petition clarifying these issues, or the court will have to assume that he has not exhausted any of the three claims he is raising in his petition and will dismiss Baruch's petition without prejudice.

## ORDER

IT IS ORDERED that Petitioner Chase Boruch's Motion for a Stay (dkt. 3) is DENIED. Petitioner shall have until April 15, 2016, to file *both*: (1) an amended petition *on the form provided by this court* that explains in detail the grounds for relief Boruch is pursuing pursuant to § 2254 *and* (2) a renewed motion for a stay that explains the grounds for relief that Boruch is seeking in state court under § 974.06 that provides good cause for the stay under *Rhines*.

If petitioner has unexhausted claims that he chooses to pursue in state court, or if he does not submit his filings by the deadline, his petition will be dismissed without prejudice to his failure to exhaust his state court remedies, pursuant to *Rose v. Lundy*. If petitioner files an amended complaint and explains the grounds up which he is seeking relief under § 974.06, the court will reconsider his request for a stay.

Entered this 29th day of March, 2016.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge