IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHASE M.A. BORUCH,

                           Petitioner,                           ORDER

    v.
                                                              15-cv-382-wmc

BRIAN FOSTER, Warden,
Waupun Correctional Institution,

                           Respondent.

On June 22, 2015, Petitioner Chase Boruch filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in Lincoln County Circuit Court, Case No. 2010CF000269, as well as a Motion for Stay along with the petition. (Dkts. 1 & 3). As his filings did not provide the proper information for the court to evaluate either his claims for relief or his motion, the court ordered him to file an amended petition and renew his motion to stay. (Dkt. 8.) Boruch has submitted both an Amended Petition (dkt. #) and Renewed Motion to Stay (dkt. 10), and for the following reasons, the court will grant his motion to stay.

BACKGROUND

Following a jury trial, Boruch was found guilty of first-degree intentional homicide in violation of Wis. Stat. § 940.01(1)(a) on November 16, 2011. Boruch appealed on the ground that the trial court erred when it provided the State's autopsy and toxicology reports to the jury without also providing the report of a defense pathologist. The Wisconsin Court of Appeals rejected that argument and affirmed his conviction, *State v. Boruch*, 352 Wis. 2d 755 (Jan. 22, 2014), and the Wisconsin Supreme Court denied his petition for review on May 22, 2104. *State v. Boruch*, 354 Wis. 2d 864. Boruch did not file a petition for certiorari in the United States Supreme Court.

Boruch's one year statute of limitations to file the instant petition in federal court started to run on August 22, 2014, which was 90 days after the Wisconsin Supreme Court denied his petition for review of that claim. Boruch filed his petition in this court on June 22, 2015.

On September 29, 2015, Boruch filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06, and this motion is currently pending. Boruch attached his 81-page motion to his Amended Petition, which includes the following claims for relief: (1) his trial counsel was ineffective on several grounds; (2) the trial court erred in failing to hold an evidentiary hearing on the sleeping juror issue; (3) the jury instruction definition of "reasonable doubt" was unconstitutional; (4) the search and seizure of his residence was unconstitutional; (5) the trial court erroneously admitted certain maps into evidence; (6) his postconviction counsel was ineffective for failing to pursue claims (1)-(5) above on his behalf; and (7) his appellate counsel was ineffective, also for failing to pursue claims (1)-(5) above during his appeal. (Dkt. #9-7.)

OPINION

In his Amended Petition, Boruch explicitly includes only two claims for relief: (1) the trial court erred and unduly prejudiced him in violation of his Sixth and Fourteenth Amendment rights, when it provided the State's autopsy and toxicology reports to the jury without also providing the report of a defense pathologist; and (2) ineffective assistance of trial and appellate counsel. However, he also states that he has "additional grounds for relief attached," leading the court to believe that he wishes to incorporate all of the claims he is pursuing in his § 974.06 motion in his pending petition.

As his first claim was reviewed and rejected by the Wisconsin Supreme Court, it appears that it has been exhausted. Petitioner acknowledges that his remaining claims have not been

2

exhausted because his § 974.06 motion is currently pending, so the Wisconsin Supreme Court has not had the opportunity to review those claims.

Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), courts may stay a mixed petition, that is, a petition containing both exhausted and unexhausted claims, in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275. Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court first, the unexhausted claims are not plainly meritless and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same); *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (same).

Here, petitioner's federal habeas clock has already expired, so dismissing his unexhausted claims likely would bar him from raising those claims in a later-filed federal habeas petition. Additionally, there is no indication that petitioner has engaged in intentionally dilatory litigation tactics. Because petitioner contends that his attorney was ineffective for failing to pursue his unexhausted claims during trial, on appeal and in his postconviction motion, I find that petitioner had good cause for his failure to exhaust. Finally, it would be premature for me to conclude from the limited record before it that petitioner's claims have no potential merit. Therefore, I will grant petitioner's motion for a stay.

I offer some additional comments for petitioner's benefit: First, the Wisconsin courts distinguish claims challenging the effectiveness of post-conviction counsel from those challenging the effectiveness of appellate counsel. *See* Wis. Stat. § 974.06; *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). In this case, it appears that petitioner is challenging the effectiveness of both his trial and appellate lawyers, so petitioner should review these cases to make sure that he follows the appropriate procedures for exhausting his claims.

Second, this court will not tread water with petitioner's federal habeas petition indefinitely. *Rhines*, 544 U.S. at 277. I am granting the requested stay on the condition that, after petitioner has completely exhausted his state court remedies, he then has **30 days** from the date of the last order from the state courts in which to file a motion in this court to lift the stay. If petitioner fails to meet this condition, then this court may vacate the stay as of the date the stay was entered and the petition may be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of petitioner's state remedies with the following condition: after completely exhausting his state court remedies, petitioner has **30 days** from the date of the last order from the state courts in which to file a motion in this court to lift the stay.

3. If petitioner fails to meet this condition, then the stay may be vacated as of the date of this order and the petition may be dismissed.

4. The clerk of court is directed to close this case, subject to re-opening by petitioner upon the filing of his motion to lift the stay.

Entered this 9th day of May, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge